IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER HOGAN,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent.<br>_____/ | Nos.  C 07-0779 SBA (PR)<br>         C 07-2880 SBA (PR)<br><br>**ORDER (1) DIRECTING THE CLERK OF THE COURT TO REVOKE FILING IN CASE NO. C 07-2880 SBA (PR); (2) TO FILE AMENDED PETITION IN CASE NO. C 07-0779 SBA (PR); (3) DIRECTING RESPONDENT TO SHOW CAUSE WHY A WRIT OF HABEAS CORPUS SHOULD NOT BE ISSUED; AND (4) ADDRESSING PENDING MOTIONS**<br><br>(Docket nos. 8, 12, 13) |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in Case No. C 07-0779 SBA (PR).  He has been granted leave to proceed in forma pauperis in that case.  Petitioner filed a motion for leave to amend his petition.  He sought to correct errors made in the filing of his petition, including changing the caption from "First District Court of Appeal" to "United States District Court for the Northern District of California" and submitting his full address.  In an Order dated May 16, 2007 in Case No. C 07-0779 SBA (PR), the Court granted Petitioner's motion for leave to file an amended petition and noted that Petitioner failed to sign his petition as required by Federal Rules of Civil Procedure, Rule 11(a).  The petition in Case No. C 07-0779 SBA (PR) was dismissed with leave to amend to file an amended petition, within thirty days of the date of the Court's Order, containing all the changes Petitioner noted in his motion, his signature, as well as all exhausted federal claims/arguments.  To date, Petitioner has not filed an amended petition in Case No. C 07-0779 SBA (PR).

On June 4, 2007, Petitioner filed a second federal habeas action with this Court challenging the same state conviction.  See Case No. C 07-2880 SBA (PR).  The second habeas petition contains the same claims as those in Petitioner's first federal habeas action; therefore, the Court assumes that Petitioner intended to file it as his amended petition in Case No. C 07-00779 SBA (PR).

On June 14, 2007, Petitioner filed a motion to stay his petition in Case No. C 07-0779 SBA (PR) pending exhaustion of additional claims in state court (docket no. 8). Petitioner has since filed a "Motion to Continue Federal Writ of Habeas Corpus" (docket no. 12) in that same case, which will be construed as a motion to withdraw his previously filed motion to stay (docket no. 8). Petitioner has also filed a motion for leave to file a supplement to the petition in Case No. C 07-0779 SBA (PR) (docket no. 13).

## CONSOLIDATION OF PETITIONS

Having reviewed Petitioner's pending petitions, the Court concludes that the federal habeas petition in Case No. C 07-2880 SBA (PR) was filed erroneously as a new action. It is apparent that the federal habeas petition in Case No. C 07-2880 SBA (PR) should have been filed as an amended petition in Case No. C 07-0779 SBA (PR). Further, it does not appear from the face of the amended petition and supplement to the petition that they are without merit. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk is ordered to revoke filing of the federal habeas petition in Case No. C 07-2880 SBA (PR) and to file it as an amended petition in Case No. C 07-0779 SBA (PR).

2. The Clerk shall close Case No. C 07-2880 SBA (PR).

3. All further matters pertaining to Petitioner's federal habeas corpus claims will proceed solely in Case No. C 07-0779 SBA (PR).

4. Petitioner's motion for leave to file a supplement to the petition in Case No. C 07-0779 SBA (PR) (docket no. 13) is GRANTED. The Clerk of the Court shall file the document attached to the motion and docket it as his "Supplement to the Petition" in Case No. C 07-0779 SBA (PR). The Clerk shall mark it as filed on December 12, 2007, the date it was received.

5. Petitioner's "Motion to Continue Federal Writ of Habeas Corpus" in Case No. C 07-0779 SBA (PR) (docket no. 12) will be construed as a motion to withdraw his previously filed motion to stay (docket no. 8). Petitioner's motion to withdraw is GRANTED, and his motion to stay is TERMINATED as moot.

6. The Clerk of the Court shall serve a copy of this Order as well as the petition, the supplement to the petition, and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

7. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

8. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **thirty (30) days** after the date Petitioner is served with Respondent's Answer.

9. Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

10. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

3

12. This Order terminates Docket nos. 8, 12 and 13 in Case No. C 07-0779 SBA (PR).

IT IS SO ORDERED.

DATED: 1/17/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Hogan0779&2880.Consolidate&OSC.wpd

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER HOGAN,<br><br>      Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA et al,<br><br>      Defendant. | Case Number: CV07-00779 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lester Hogan V-52254
California State Prison - Calipatria
P.O. Box 5005
Calipatria, CA 92233

Dated: January 17, 2008

                            Richard W. Wieking, Clerk
                            By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Hogan0779&2880.Consolidate&OSC.wpd